# EXHIBIT "K"
Deposition Exhibit 16
<u>Powers v. TASER International</u>
Superior Court of Maricopa County, Arizona
Case No. CV2003-013457

COPY
JUL 14 2003
MICHAEL K. JEANES, CLERK
E. LEE
DEPUTY CLERK

John L. Dillingham - #006328
DILLINGHAM & REYNOLDS L.L.P.
5080 North 40th Street, Suite 335
Phoenix, Arizona 85018
(602) 468-1811

Thomas C. Wilmer, Esq.
THOMAS C. WILMER, P.C.
2504 N. 3rd Street
Phoenix, AZ 85004
602-230-1188

Attorneys for Plaintiff

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| SAMUEL E. POWERS, a married man, | No. CV2003-013457 |
| Plaintiff, | COMPLAINT |
| v. | (Product Liability; Strict Liability) |
| TASER INTERNATIONAL, INC, a Delaware corporation, | |
| Defendant. | |

Plaintiff, Samuel E. Powers, for his Complaint against Defendant, Taser International, Inc., alleges as follows:

## GENERAL ALLEGATIONS

I.

Plaintiff was, at all material times, a married man and resident of Maricopa County, State of Arizona.

II.

Defendant Taser International, Inc. ("Taser") is a Delaware corporation authorized to do and doing business in Maricopa County, Arizona.

EXHIBIT
Ex 16

TI-Wilson-000013

III.

All acts complained of herein occurred within Maricopa County, Arizona.

IV.

At all material times, Plaintiff was an employee of the Maricopa County Sheriff's Office.

V.

Pursuant to A.R.S. § 12-681(1), Taser is the "Manufacturer" of the Advanced Taser M26 EMD weapon (hereafter "product").

VI.

The product manufactured by Defendant was in a defective condition in that it contained informational defects including inadequate instructions and warnings.

VII.

The product was unreasonably dangerous and the defective condition of the product existed at the time the product left Defendant's control.

VIII.

On or about July 16, 2002, Plaintiff participated in a Taser training class.

IX.

In order to carry and use the product, Plaintiff was required to be certified by Taser. At the time, the certification process required Plaintiff be shocked by the product.

X.

On July 16, 2002, Plaintiff was shocked by the product during a Taser training class.

XI.

As a direct and proximate result of the defective and unreasonably dangerous condition of the product, Plaintiff suffered severe and permanent injuries.

TI-Wilson-000014

XII.

As a further direct and proximate result of the defective and unreasonably dangerous condition of the product, Plaintiff has incurred past medical expenses and will incur future medical expenses.

XIII.

As a further direct and proximate result of the defective and unreasonably dangerous condition of the product and Plaintiff's injuries sustained thereby, Plaintiff was forced into an early medical retirement from the Sheriff's Department.

XIV.

As a further direct and proximate result of the defective and unreasonably dangerous condition of the product and the injuries sustained by Plaintiff, Plaintiff has endured severe pain and suffering and the loss of enjoyment of life.

WHEREFORE, Plaintiff prays for relief as follows:

A. For general and compensatory damages in an amount to be proved at trial;

B. For past medical expenses and future medical expenses to be incurred;

C. For lost wages and future loss of earning capacity;

D. For damages for pain and suffering and loss of enjoyment of life;

E. For Plaintiff's costs incurred herein;

F. For such other and further relief that the Court deems just and proper.

DATED this 14 day of July, 2003.

DILLINGHAM & REYNOLDS L.L.P.

*John L. Dillingham*

John L. Dillingham
5080 North 40th Street, Suite 335
Phoenix, Arizona 85018
(602) 468-1811
Attorney for Plaintiff

I:\5500\5512.001\P 070803 Complaint.wpd