# EXHIBIT "N"
## Deposition Exhibit 50
TASER International's Objections and
Responses to Plaintiff's First Interrogatories

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| DAVID R. WILSON and CHARLENE WILSON, ) ) ) | |
| Plaintiffs, ) ) | Civil Action |
| v. ) ) | File No. 4:06-CV-179-HLM |
| TASER INTERNATIONAL, INC., ) ) | |
| Defendant. ) | |

## TASER INTERNATIONAL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW** Taser International, Inc. ("TASER"), Defendant in the above-captioned action, and hereby responds to the First Set of Interrogatories by Plaintiff David R. Wilson & Charlene Wilson ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1. These Responses are based on a diligent examination and review by TASER of the documents in its possession and reflect the current state of TASER's knowledge, understanding and belief with respect to the matters addressed herein. Upon appropriate request from Plaintiffs, or as otherwise required by the Federal Rules of Civil Procedure, or as TASER deems necessary, these Responses will be supplemented.



EXHIBIT 50

2. TASER expressly reserves its right to assert any attorney-client privilege, immunity for attorney work-product or materials prepared in anticipation of litigation, the privilege for proprietary business information and all other applicable doctrines, rights and privileges. TASER does not waive any such doctrine, right or privilege by its responses herein and such responses shall not be construed in any way to waive any such doctrine, right or privilege. TASER states that all information and documents concerning its analysis and evaluation of this case and related matters involving its legal counsel are subject to such doctrines, rights and privileges, which are hereby asserted. To the extent that any Interrogatories may be construed as calling for the identification or production of documents, or the disclosure of information, protected by any such privilege or doctrine, a continuing objection to each and every Interrogatory is hereby interposed.

3. TASER objects to all attempts by Plaintiff to impose upon TASER any obligation in excess of those created by the Federal Rules of Civil Procedure. TASER further objects to Wilson's Discovery to the extent the absence of necessary definitions makes Wilson's Discovery vague, ambiguous, overly broad as to scope and time, or irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4. TASER further objects to the extent the Interrogatories call for "all information" relating to the subject matter of this action. TASER will respond with the information reasonably available to TASER, and will supplement said responses as discovery in this action continues, pursuant to the provisions of Federal Rules of Civil Procedure.

5. Where the response to an Interrogatories may be derived or ascertained from the business records of TASER or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for TASER, TASER will specify the records from which the answer may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. TASER's specification will be in sufficient detail to permit Plaintiff to locate and to identify, as readily as can TASER, the records from which the answer may be ascertained.

6. Where the Request for Interrogatories is actually in the form of a Request for Documents, TASER will make responsive documents available for review and copying by Plaintiff at its office located at 17800 N. 85th Street, in Scottsdale, Arizona, at a mutually convenient time.

7. Discovery is continuing and TASER reserves the right to supplement any specific response set forth herein.

8. TASER generally objects to any Request for Production that is (i) vague; (ii) ambiguous or subject to multiple interpretations; (iii) overly broad as to time, scope, or subject matter; (iv) unduly burdensome; (v) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (vi) interposed for the purposes of harassment or delay; or (vii) which misquotes or misconstrues TASER's allegations in this case.

## RESPONSES TO PLAINTIFFS' INTERROGATORIES

*Interrogatory No. 1:* *Please state the full name, address, job title, and employer of each person answering and assisting in answering these Interrogatories on behalf of Defendant.*

**RESPONSE: Rick Smith, Chief Executive Office of TASER International, Inc.**

*Interrogatory No. 2:* *Please state the name and address of each person, including experts, having any knowledge of relevant facts relating to the incident which is the basis of this lawsuit, the cause thereof, or the damages resulting therefrom.*

**RESPONSE: Discovery has just begun. At this time, TASER is aware of the Plaintiffs, the officers in attendance at the training and the medical personnel who allegedly treated Plaintiff. TASER will disclose our experts and their opinions in accordance with the Court's scheduling order.**

*Interrogatory No. 3:* *Please give the full name, correct address, telephone number, and present employment of each person who you expect to call as an expert witness at the trial of this matter. Please state the subject matter on which each such expert is expected to testify, the substance of the facts and opinions to*

*which each such expert is expected to testify, and a summary of the grounds for each opinion expected to be expressed by such expert.*

**RESPONSE: TASER will disclose our experts and their opinions in accordance with the Court's Scheduling Order.**

*Interrogatory No. 4:* Describe any insurance agreement under which any insurance business may be liable to satisfy part or all of the judgment which may be entered in this action, or to indemnify or reimburse for payments made to satisfy the judgment, by stating the name of the person or entity insured, the name of the insurer, and the amount of any liability insurance coverage.

**RESPONSE: Illinois Union Insurance Company, policy number G18382362. The SIR is $100,000 with the policy limit set at 2,000,000.**

*Interrogatory No. 5:* State the name and address of the person or persons, either currently or formerly employed by Defendant, who posses the greatest amount of knowledge and skill with regard to the marketing and product safety of the product in question.

**RESPONSE: Rick Smith, Chief Executive Officer.**

*Interrogatory No. 6:* What is the Defendant's understanding or contention with respect to how the occurrence in question occurred, and how and why Plaintiff, David R. Wilson, sustained his injuries?

**RESPONSE: Discovery has just begun. TASER has not yet conducted witness interviews or completed any investigation.**

*Interrogatory No. 7:* What is the Defendant's contention with regard to whether the product was being used at the time of the occurrence as it was designed to be used? If Defendant contends that Plaintiff, or any other individual, was misusing the product in any way, please describe in detail how you contend it was being misused.

**RESPONSE: Objection. This Interrogatory is vague and ambiguous (especially as to the term "product"). TASER makes two law enforcement models and at this time we are unaware which model was used in the subject incident. Also, discovery has just begun and TASER has not yet conducted witness interviews or completed any investigation.**

***Interrogatory No. 8:*** *Does Defendant contend that the Plaintiff failed to heed or comply with any instruction or warning in connection with the occurrence in question? If so, does Defendant contend that such failure, if any, on the part of the Plaintiff has any casual connection with the Plaintiff's injuries?*

**RESPONSE: Discovery has just begun and TASER has not yet conducted witness interviews or completed any investigation.**

***Interrogatory No. 9:*** *Please describe in detail all written material that would have accompanied the product at the time it was sold by Defendant.*

**RESPONSE: Objection. This Interrogatory is vague and ambiguous (especially as to the term "product"). TASER makes two law enforcement models and at this time we are unaware which model was used in the subject incident. Without waiving this objection, pleas see operating manuals for the M26 and the X26 and Training Manual version 11.**

***Interrogatory No. 10:*** *Please state whether the Defendant gave any oral instructions or warnings regarding the operation or use of this product. If it did, please state the name and address of the person giving such instructions or warnings, the date they were given, and the person or persons to whom they were given.*

**RESPONSE: Objection, this interrogatory is vague in that the term "oral instruction" is not defined and overly broad. Without waiving that objection, TASER provides training to certify instructors on TASER products and how to train end users. The certified instructor training includes classroom training where oral instructions and warnings are provided. At this time, TASER is unaware who the TASER Certified Trainer was at the time of the incident in question or who may have trained the police officers involved in the incident. To the best of TASER's knowledge, no employee of TASER directly provided any oral warnings to the police officers involved in the incident prior to the date of the incident. If the police officers involved in the incident were trained utilizing TASER's recommended training materials then they would have received numerous written warnings in those materials. TASER will supplement this response.**

***Interrogatory No. 11:*** *Has the Defendant ever received notice of any accidents or injuries involving the product in question or one similar to it from the time it was*

*originally manufactured and sold to the present time? If so, please describe each such injury or accident of which Defendant has been notified?*

**RESPONSE: Objection. This Interrogatory is vague and ambiguous (especially as to the term "product"). TASER makes two law enforcement models and at this time we are unaware which model was used in the subject incident.**

*Interrogatory No. 12: Has a claim or lawsuit ever been filed against Defendant wherein a person claimed he was injured as a result of using or coming into contact with the product in question? If so, please list the name and address of each claimant and give a complete description of the claim or lawsuit.*

**RESPONSE: Objection. This Interrogatory is vague and ambiguous (especially as to the term "product"). TASER makes two law enforcement models and at this time we are unaware which model was used in the subject incident.**

Respectfully submitted, this 21st day of November, 2006.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: _____
Joel G. Pieper
State Bar No. 578385
(404) 888-7435 direct dial

One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 888-7490 fax

Jessie C. Fontenot, Jr.
State Bar No. 267528
(404) 888-7423 direct dial

**Attorneys for TASER International, Inc.**

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID R. WILSON and CHARLENE WILSON, ) ) ) Plaintiffs, ) ) v. ) ) TASER INTERNATIONAL, INC., ) ) Defendant. ) | Civil Action<br><br>File No. 4:06-CV-179-HLM |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **TASER INTERNATIONAL'S OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT** has been served upon counsel of record by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

>Cynthia Noles Johnson, Esq.
>ATTORNEY FOR PLAINTIFFS
>Johnson Law, P.C.
>313 Wolfe Street
>P.O. Box 48
>Cohutta, GA 30710

This 21st day of November, 2006.

_____
Jessie C. Fontenot, Jr.
State Bar No. 267528

## VERIFICATION

1. I, Rick Smith, am Chief Executive Officer for TASER International, Inc.

2. I have read the foregoing Answers to Plaintiff Wilson's First Set of Interrogatories, First Set of Requests for Admissions and First Set of Requests for Production and know the contents thereof.

3. The contents of the above discovery responses are true to my own personal knowledge, except as to those statements made upon information and belief, and, as to those, I believe them to be true.

4. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 23 day of January, 2007.

Rick Smith
Chief Executive Officer

EXHIBIT 53

22