# EXHIBIT "O"
## Deposition Exhibit 55
TASER International's Responses to Plaintiff's Second Request for Production of Documents

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID R. WILSON and CHARLENE WILSON, | ) ) ) |
| Plaintiffs, | ) ) Civil Action ) |
| v. | ) File No. 4:06-CV-179-HLM ) |
| TASER INTERNATIONAL, INC., | ) ) ) |
| Defendant. | ) |

## RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO TASER

COMES NOW Taser International, Inc. ("TASER"), Defendant in the above-captioned action, and hereby responds to the Second Set of Request for Production by Plaintiffs David R. Wilson and Charlene Wilson ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1. These Responses are based on a diligent examination and review by TASER of the documents in its possession and reflect the current state of TASER's knowledge, understanding and belief with respect to the matters addressed herein. Upon appropriate request from Plaintiffs, or as otherwise required by the Federal Rules of Civil Procedure, or as TASER deems necessary, these Responses will be supplemented.

2. TASER expressly reserves its right to assert any attorney-client privilege, immunity for attorney work-product or materials prepared in anticipation of litigation, the privilege for proprietary business information and all other applicable doctrines, rights and privileges. TASER does not waive any such doctrine, right or privilege by its responses herein and such responses shall not be construed in any way to waive any such doctrine, right or



privilege. TASER states that all information and documents concerning its analysis and evaluation of this case and related matters involving its legal counsel are subject to such doctrines, rights and privileges, which are hereby asserted. To the extent that any Request for Production may be construed as calling for the identification or production of documents, or the disclosure of information, protected by any such privilege or doctrine, a continuing objection to each and every Request for Production is hereby interposed.

3. TASER objects to all attempts by Plaintiff to impose upon TASER any obligation in excess of those created by the Federal Rules of Civil Procedure. TASER further objects to Wilson's Discovery to the extent the absence of necessary definitions makes Wilson's Discovery vague, ambiguous, overly broad as to scope and time, or irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4. TASER further objects to Wilson's Discovery to the extent the Interrogatories call for "all information" relating to the subject matter of this action. TASER will respond with the information reasonably available to TASER, and will supplement said responses as discovery in this action continues, pursuant to the provisions of Federal Rules of Civil Procedure.

5. Where the response to an Request for Production may be derived or ascertained from the business records of TASER or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for TASER, TASER will specify the records from which the answer may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. TASER's specification will be in sufficient detail to

permit Plaintiff to locate and to identify, as readily as can TASER, the records from which the answer may be ascertained.

6. Where the Request for Production is actually in the form of a Request for Documents, TASER will make responsive documents available for review and copying by Plaintiff at its office located at 17800 N. 85th Street, in Scottsdale, Arizona, at a mutually convenient time.

7. Discovery is continuing and TASER reserves the right to supplement any specific response set forth herein.

8. TASER generally objects to any Request for Production that is (i) vague; (ii) ambiguous or subject to multiple interpretations; (iii) overly broad as to time, scope, or subject matter; (iv) unduly burdensome; (v) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (vi) interposed for the purposes of harassment or delay; or (vii) which misquotes or misconstrues TASER's allegations in this case.

## RESPONSES TO REQUEST FOR PRODUCTION

***Request for Production No. 1:***     Please produce any and all documents listed in Attachment "B" to Defendant's Responses to Initial Disclosures.

**RESPONSE: TASER will produce its Research Compendium and the documents listed in its initial disclosure statement on CD. The specification sheets for TASER's products are located on the www.TASER.com website. TASER's Field Use Reports and Voluntary Exposure Reports will be produced to Plaintiffs upon entry of a protective order. The Field Use Reports will be produced to Plaintiffs on a DVD, and the Voluntary Exposure Reports may be viewed TASER International's offices in Scottsdale, Arizona.**

***Request for Production No. 2:***     Please produce any and all statements, depositions, or transcribed testimony of any witness identified in Attachment "A" to Defendant's Responses to Initial Disclosures.

RESPONSE: TASER will produce to Plaintiffs a CD containing the following depositions:

Rick Smith - *Alvarado v. TASER*, cv04-0386 TJH, US District Court, Central District of California

Rick Smith – *Borden v. TASER*, 1:04-cv-0318RLY-WTL, US District Court, Southern District, Indianapolis Division, Indiana

Rick Smith and Jami LaChapelle – *Cook v. TASER*, cv-s-04-1325 PMP, US District Court, Nevada

Max Nerheim, Rick Guilbault, and Mark Johnson – *Elsholtz v. TASER*, 141-206228-04, Tarrant County, Texas

Rick Smith - *Heston v. TASER*, cv05-03658JW, US District Court, Northern District, California

Mark Johnson and Rick Guilbault - *Kerchoff v. TASER*, US District, Eastern District of Michigan, Southern Division

Rick Smith, Hans Marrero, Max Nerheim, Tom Smith, Steve Tuttle, and Robert Stratbucker - *Powers v. TASER*, cv2003-013457, Maricopa County, Arizona


*Request for Production No. 3:* Please produce any and all "warnings made available to Plaintiff" referenced in paragraph 3 of Defendant's responses to Initial Disclosures.

RESPONSE: Training Version 11 was introduced in January 2004. Therefore, the September 7, 2004 training class should have been given the following warnings, referenced in Version 11:

### WARNINGS AND CAUTIONS

**WARNING: READ BEFORE USING**

The TASER conducted energy weapons are less-lethal weapons. They are designed to incapacitate a target from a safe distance without causing death or permanent injury. While the extensive medical evidence strongly supports the TASER X26 and ADVANCED TASER M26 and M18 will not cause lasting aftereffects or fatality, it is important to remember that the very nature of physical confrontation involves a degree of risk that someone will get hurt or may even be killed due to unforeseen circumstances and individual susceptibilities. Accordingly, the TASER conducted energy weapons should be treated as serious

weapons and should only be deployed in situations where the alternative would be to use other force measures which carry similar or higher degrees of risk. Law enforcement customers are deployment and tactical experts and will determine all deployment and tactical practices including where the TASER conducted energy weapons fit in their respective use of force continuum.

As with any weapon system, there can be unforeseen and severe consequences. They should only be used in accordance with the use of force policies of the department. Although TASER International agrees with the definition on non-lethal weapons from the Joint Concept for Non-lethal Weapons, the Company has adopted the term less-lethal in conjunction with input from law enforcement in order to clarify that there will always be risk involved in use of force.

Throughout the training programs, warnings and cautions are emphasized to highlight specific areas of concern. A WARNING generally means that failure to follow the recommended procedure may result in serious injury to the officer, bystanders, and/or victims. A CAUTION generally means that failure to follow the recommended procedure may result in damage to the weapon or other equipment.

GENERAL WARNINGS:

- Avoid aiming the TASER conducted energy weapons at the eyes or face.

- Do not point at people unless intending to fire.

- Keep the TASER conducted energy weapons out of the reach of children.

- Keep hands away from the front of the unit at all times unless the safety is the ON position (SAFE).

- Do not fire the TASER conducted energy weapons near flammable liquids and fumes. The TASER conducted energy weapons can ignite gasoline or other flammables. Some self-defense sprays use flammable carriers like alcohol and would be extremely dangerous to use in immediate conjunction with TASER conducted energy weapons.

- The TASER conducted energy weapons causes temporary incapacitation and the inability to catch yourself as you fall.

This incapacitation and the resulting fall can be dangerous and even fatal under specific circumstances. For example, someone shot by the X26 in a high place could be seriously injured in a fall or someone shot in a swimming pool could possibly drown as they could not swim or support themselves.

- Whenever the TASER conducted energy weapons are being used during training or demonstrations, make sure that two people are acting as handlers to support the upper arms of the person being shot before and during the discharge. Each person should hold an upper arm under the armpit, so that the person can be safely supported and lowered to the ground after being hit without twisting the shoulder. If probes are fired in lieu of attaching spent wires or alligator clips, then eye protection is required. Provided that no probes are attached to the person's arms, there should be no electrical pulses flowing into the handlers and they can safely support the person being shot without any negative impact

- The TASER conducted energy weapons causes muscle contractions that may result in athletic exertion type injuries to some people.

- Always make certain your safety is in the "on" (safe) position whenever a TASER conducted energy weapons is loaded and not intended for immediate use.

***Request for Production No. 4:*** Please produce any and all "safety guidelines, warnings, and risk statements" provided for conducting voluntary exposures as referenced in TASER International Training Bulletin 12.0-01.

**RESPONSE:** **See the warnings in Training Manual Version 12, as well as, previous versions.**

Respectfully submitted, this 21st day of February, 2007.

One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 888-7490 fax

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /s/ Joel G. Pieper
Joel G. Pieper
State Bar No. 578385
(404) 888-7435 direct dial

Jessie C. Fontenot, Jr.
State Bar No. 267528
(404) 888-7423 direct dial

Attorneys for TASER International, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| DAVID R. WILSON and CHARLENE WILSON, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> TASER INTERNATIONAL, INC., ) <br> ) <br> Defendant. ) | Civil Action <br><br> File No. 4:06-CV-179-HLM |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **RESPONSES TO PLAINTIFF'S SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO TASER** has been served upon counsel via overnight mail addressed to the following:

>Cynthia Noles Johnson, Esq.
>ATTORNEY FOR PLAINTIFFS
>Johnson Law, P.C.
>313 Wolfe Street
>P.O. Box 48
>Cohutta, GA 30710

This 21st day of February, 2007.

_____
Jessie C. Fontenot, Jr.
State Bar No. 267528

# VERIFICATION

1. I, Rick Smith, am Chief Executive Officer for TASER International, Inc.

2. I have read the foregoing Answers to Plaintiff Wilson's Second Set of Interrogatories, Second set of Requests for Production and know the contents thereof.

3. The contents of the above discovery responses are true to my own personal knowledge, except as to those statements made upon information and belief, and, as to those, I believe them to be true.

4. I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED on this 22nd day of February, 2007.

_Rick Smith_
Rick Smith
Chief Executive Officer



EXHIBIT 56

1