# EXHIBIT "P"
## Deposition Exhibit 57
TASER International's Supplemental Response to Plaintiff's First Interrogatories

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | | |
|---|---|---|
| DAVID R. WILSON and CHARLENE WILSON, | ) ) ) | |
| Plaintiffs, | ) ) | Civil Action |
| v. | ) ) | File No. 4:06-CV-179-HLM |
| TASER INTERNATIONAL, INC., | ) ) ) | |
| Defendant. | ) | |

## TASER INTERNATIONAL'S SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT

**COMES NOW** Taser International, Inc. ("TASER"), Defendant in the above-captioned action, and hereby supplements its response to the First Set of Interrogatories by Plaintiff David R. Wilson & Charlene Wilson ("Plaintiff") as follows:

## GENERAL OBJECTIONS

1. These Responses are based on a diligent examination and review by TASER of the documents in its possession and reflect the current state of TASER's knowledge, understanding and belief with respect to the matters addressed herein. Upon appropriate request from Plaintiffs, or as otherwise required by the Federal Rules of Civil Procedure, or as TASER deems necessary, these Responses will be supplemented.

EXHIBIT 57

2. TASER expressly reserves its right to assert any attorney-client privilege, immunity for attorney work-product or materials prepared in anticipation of litigation, the privilege for proprietary business information and all other applicable doctrines, rights and privileges. TASER does not waive any such doctrine, right or privilege by its responses herein and such responses shall not be construed in any way to waive any such doctrine, right or privilege. TASER states that all information and documents concerning its analysis and evaluation of this case and related matters involving its legal counsel are subject to such doctrines, rights and privileges, which are hereby asserted. To the extent that any Interrogatories may be construed as calling for the identification or production of documents, or the disclosure of information, protected by any such privilege or doctrine, a continuing objection to each and every Interrogatory is hereby interposed.

3. TASER objects to all attempts by Plaintiff to impose upon TASER any obligation in excess of those created by the Federal Rules of Civil Procedure. TASER further objects to Wilson's Discovery to the extent the absence of necessary definitions makes Wilson's Discovery vague, ambiguous, overly broad as to scope and time, or irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

4. TASER further objects to the extent the Interrogatories call for "all information" relating to the subject matter of this action. TASER will respond with the information reasonably available to TASER, and will supplement said responses as discovery in this action continues, pursuant to the provisions of Federal Rules of Civil Procedure.

5. Where the response to an Interrogatories may be derived or ascertained from the business records of TASER or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for Plaintiff as for TASER, TASER will specify the records from which the answer may be derived or ascertained and afford Plaintiff reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. TASER's specification will be in sufficient detail to permit Plaintiff to locate and to identify, as readily as can TASER, the records from which the answer may be ascertained.

6. Where the Request for Interrogatories is actually in the form of a Request for Documents, TASER will make responsive documents available for review and copying by Plaintiff at its office located at 17800 N. 85th Street, in Scottsdale, Arizona, at a mutually convenient time.

7.  Discovery is continuing and TASER reserves the right to supplement any specific response set forth herein.

8.  TASER generally objects to any Request for Production that is (i) vague; (ii) ambiguous or subject to multiple interpretations; (iii) overly broad as to time, scope, or subject matter; (iv) unduly burdensome; (v) irrelevant and not reasonably calculated to lead to the discovery of admissible evidence; (vi) interposed for the purposes of harassment or delay; or (vii) which misquotes or misconstrues TASER's allegations in this case.

## SUPPLEMENTAL RESPONSE

*Interrogatory No. 11:* *Has the Defendant ever received notice of any accidents or injuries involving the product in question or one similar to it from the time it was originally manufactured and sold to the present time? If so, please describe each such injury or accident of which Defendant has been notified?*

**RESPONSE:** TASER maintains its objection to this Interrogatory on the grounds that it is overly broad due to the fact that it seeks information related to "any accidents or injuries" without limitation to the type of injury (back injury) that Plaintiff alleges to be at issue in this case. Subject to this objection, TASER has previously produced documents related to other back injury claims for which it has received notice. Produced contemporaneously herewith is an additional document providing information responsive to this discovery request.

In addition to the above, TASER states that on or around January 22, 2004, TASER was notified that Malissa Allen alleged that she sustained a back fracture during a TASER training session on January 23, 2003.

Respectfully submitted, this 5th day of April, 2007.

WOMBLE CARLYLE SANDRIDGE & RICE, PLLC

By: /s/ Joel G. Pieper
Joel G. Pieper
State Bar No. 578385
(404) 888-7435 direct dial

One Atlantic Center, Suite 3500
1201 West Peachtree Street
Atlanta, Georgia 30309
(404) 888-7490 fax

Jessie C. Fontenot, Jr.
State Bar No. 267528
(404) 888-7423 direct dial

**Attorneys for TASER International, Inc.**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| DAVID R. WILSON and CHARLENE WILSON, ) ) ) ) | |
| Plaintiffs, ) ) | Civil Action |
| v. ) ) | File No. 4:06-CV-179-HLM |
| TASER INTERNATIONAL, INC., ) ) ) | |
| Defendant. ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within and foregoing **TASER INTERNATIONAL SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FIRST INTERROGATORIES TO DEFENDANT** has been served upon counsel of record by placing same in the United States postal service with proper postage affixed thereto and addressed to the following:

>Cynthia Noles Johnson, Esq.
>ATTORNEY FOR PLAINTIFFS
>Johnson Law, P.C.
>313 Wolfe Street
>P.O. Box 48
>Cohutta, GA 30710

This 5th day of April, 2007.

_____
Jessie C. Fontenot, Jr.
State Bar No. 267528

## Doug Klint

**From:** Stacie Sundberg
**Sent:** Wednesday, August 18, 2004 2:57 PM
**To:** Steve Tuttle; Doug Klint
**Subject:** Injury claim from a DGG training

FYI,

---

**From:** Russel Stender [mailto:russel@dggtaser.com]
**Sent:** Wednesday, August 18, 2004 2:03 PM
**To:** Stacie Sundberg
**Subject:** Injury

Greetings!

There is an Officer at the Marion County Sheriff's office filing a workman's comp claim from our training on June 22-23. I had John Kuchera (352-266-4163) from the risk management office at MCSO come by for a taped statement. I explained everything about our safety procedures etc. etc.

The Officer NEVER relayed to me that anything was wrong, or that he was experiencing any back issues.

As you know we ask everyone before we Taze them if they have any pre existing conditions.

Let me know if you have any questions.

Russel