IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| **DAVID R. WILSON and** | : | |
| **CHARLENE WILSON,** | : | |
| | : | |
| **Plaintiffs,** | : | CIVIL ACTION |
| V. | : | FILE NO. 4:06-CV-179-HLM |
| | : | |
| **TASER INTERNATIONAL, INC.,** | : | |
| | : | |
| **Defendant.** | : | |

## PLAINTIFFS' EMERGENCY MOTION FOR PROTECTIVE ORDER AND BRIEF IN SUPPORT THEREOF

Come now Plaintiffs, **DAVID R. WILSON and CHARLENE WILSON**, and file this their Emergency Motion for Protective Order and Brief in Support, showing this Honorable Court as follows:

## I. STATEMENT OF THE ISSUES

On September 25, 2007, the Court entered an Order directing Plaintiffs to notify counsel for Defendant and the Court of their intent to use Ms. Pamela Schreiner as a witness, and allowing Defendant to take the deposition of Ms. Schreiner if Plaintiffs elected to use her as a witness at trial.

On October 9, 2007, Plaintiffs filed their written notice of their intent to have Ms. Schreiner testify. Thereafter, counsel for Plaintiffs and Jessie Fontenot,

counsel for Defendant, had several discussions concerning the terms and conditions of Ms. Schreiner's deposition. Ms. Schreiner wanted her deposition taken in Georgia due to previous threats and harassment by members of the law enforcement community in the Phoenix area on TASER's payroll. [Exh. A, Letter of October 10, 2007]. Plaintiffs' counsel was concerned about Ms. Schreiner's deposition taking place in Phoenix in part due to Mr. Fontenot's statement in a telephone conversation of October 5, 2007 in which Mr. Fontenot indicated that TASER wanted the deposition to take place in Phoenix because they intended to seek prosecution of Ms. Schreiner for perjury.

Counsel for the parties exchanged further correspondence concerning Ms. Schreiner's deposition [Exhs. "B", "C" and "D" attached hereto], and after obtaining written assurance that "TASER has no intention of seeking improper or malicious prosecution of Ms. Schreiner as a result of this deposition," and in the spirit of compromise and wishing to resolve the issues without having to trouble the Court, counsel for Plaintiffs agreed to the scheduling of Ms. Schreiner's deposition in Phoenix on December 3, 2007. [Exh. "E"]. In the meantime, Ms. Schreiner was deposed in another TASER product liability case in Phoenix. In that deposition, TASER's counsel asked numerous intrusive and harassing questions about Ms. Schreiner's finances and private, HIPAA protected medical history.

On November 9, 2007, counsel for Plaintiffs received a subpoena for Ms. Schreiner's deposition. [Exh. "F"]. Attached to the subpoena was a demand to produce documents including:

1. Any and all documents reflecting or evidencing your diagnosis of and treatment for cancer in 2004 and/or 2005;

2. Any and all documents reflecting or evidencing your medical expenses for 2004;

. . .

5. Your federal and state income tax returns for the years 2004 and 2005; and

6. Your bank account statements for 2004.

Upon receipt of the subpoena duces tecum, Plaintiffs' counsel had a telephone conversation with Mr. Fontenot concerning the documents requested. Plaintiffs' counsel inquired why Defendant believed Ms. Schreiner's medical records and financial records have any relevance to the issues in this case. Mr. Fontenot indicated that the issues *might* be relevant because Ms. Schreiner had mentioned her diagnosis for cancer in a previous deposition taken in the case of Williams v. TASER International, Inc., et al, U.S.D.C., N.D. Ga., Atlanta Div.,

Civil Action File No. 1:06-CV-0051-RWS.[1]  Counsel for Plaintiffs warned that if Defendant insisted on delving into matters that were irrelevant to the issues and protected by HIPAA, Plaintiffs' counsel would have no choice but to file a motion for protective order.  Mr. Fontenot stated that TASER was not willing to withdraw its request for documents.

On November 20, 2007, counsel for Plaintiffs received an Amended Subpoena for Ms. Schreiner's deposition, which included a demand for the production of numerous additional irrelevant and personal documents. [Exh. G].

Plaintiffs file this Motion for Protective Order, respectfully requesting that Ms. Schreiner be allowed to travel to Georgia for her deposition, at Plaintiffs' expense; prohibiting Defendant from asking irrelevant, annoying, or embarrassing questions of Ms. Schreiner; and relieving Ms. Schreiner of any obligation to produce her personal records.

## II. ARGUMENT

Federal Rule of Civil Procedure 26(c)(1) authorizes the court in which the action is pending to enter a protective order "which justice requires to protect a. . . person from *annoyance*, *embarrassment*, or *oppression*." See High Five

---

[1] In fact, Schreiner only "mentioned" her cancer because TASER's counsel asked her repeatedly about it.

Investments, LLC, et al v. Floyd County, Georgia, 239 F.R.D. 663 (N.D. Ga. 2007).

The subpoena at issue and the questions TASER apparently plans to ask Ms. Schreiner are just that: annoying, embarrassing, and oppressive. See Id. They also violate the witness' federally protected privacy rights.

Ms. Schreiner is a former TASER employee who once worked directly for TASER's highest executives, including CEO Rick Smith, and Vice-President Doug Klint. Her testimony deals with TASER, and the business decisions and information she was privy to as a company employee. Ms. Schreiner's finances and medical history have nothing to do with this testimony or knowledge, nor has Ms. Schreiner injected her medical history and finances into this case. She is not a party. She has no financial interest in the case whatsoever. She is merely testifying to relevant facts within her personal knowledge. Such relevant facts do not include the most private aspects of her personal life.

That TASER insists on delving into such matters proves TASER's plans to intimidate and harass the witness. TASER's subpoena proves on its face that there is "good cause" for a Rule 26 order protecting Ms. Schreiner from annoyance, embarrassment and oppression. Plaintiffs request that the Court entering an Order: (1) requiring Ms. Schreiner's deposition to take place in Rome, Georgia; (2)

directing TASER not to ask questions about Ms. Schreiner's finances or medical history; and relieving Ms. Schreiner of any duty to produce her personal records. This relief is *expressly* contemplated by Rule 26(c), which recognizes a court may order: "that the disclosure or discovery may be had only on specified terms . . . including a designation of time the time or *place*"[2]; and "that certain matters not be inquired into . . ." See Rule 26(c)(2) & (4).

It is appropriate for this Court to grant the requested relief. Ms. Schreiner is willing to come to Georgia for her deposition. In fact, in light of the intrusive nature of TASER's questioning at her previous deposition, she prefers to come to Georgia. Plaintiffs will also pay her travel expenses in connection with the deposition.

Ms. Schreiner is a witness in this case. This Court should decide, in the context of this case, what matters TASER should be entitled to delve into during Ms. Schreiner's deposition. It is now apparent the whole reason TASER wanted to take this deposition so badly in Arizona was to utilize another court's subpoena power to inquire into matters this Court would never allow. TASER's goal, of course, is to make Ms. Schreiner unwilling to subject her private life to public

---

[2] The district court is vested with wide discretion in controlling the location for the taking of depositions. Leist v. Union Oil Co. of California, 82 F.R.D. 203 (E.D. Wis. 1979).

6

scrutiny by testifying. This Court should put a stop to TASER's efforts to manipulate the judicial process and intimidate Ms. Schreiner.

## III. CONCLUSION

Despite concessions by Plaintiffs as to the location of Ms. Schreiner's deposition, Defendant continues to insist on taking a deposition that is designed to harass, embarrass, and annoy Ms. Schreiner. Plaintiffs urge the Court to enter an Order providing that:

(1) Ms. Schreiner appear for deposition in Rome, Georgia;

(2) TASER be ordered to refrain from inquiring about irrelevant matters, including Ms. Schreiner's health history and financial records; and

(3) Ms. Schreiner be relieved of any obligation to produce her personal records.

Respectfully submitted this 20th day of November, 2007.

JOHNSON LAW, P.C.

**s/ Cynthia Noles Johnson, Esq.**

313 Wolfe Street  GA State Bar No. 545615
P. O. Box 48  Attorney for Plaintiffs
Cohutta, GA 30710
(706) 694-4298
E-mail: cindy@johnsonlawpc.com

# CERTIFICATE OF SERVICE

I hereby certify that on November 20, 2007, I electronically filed **Plaintiffs' Emergency Motion for Protective Order & Brief in Support** with the Clerk of Court using the CM/ECF System which will automatically send e-mail notification of such filing to the following attorneys of record:

>Joel G. Pieper, Esq.
>Jessie C. Fontenot, Jr., Esq.
>Womble, Carlyle, Sandridge & Rice, PLLC
>One Atlantic Center, Suite 3500
>1201 West Peachtree Street
>Atlanta, GA 30309
>
>Holly L. Gibeaut
>TASER International, Inc.
>17800 North 85th Street
>Scottsdale, AZ 85255

I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participant:

>Michael A. Brave
>3209 South Pointe Court
>Eau Claire, WI 54701

This 20th day of November, 2007.

>JOHNSON LAW, P.C.
>
>**s/ Cynthia Noles Johnson, Esq.**
>GA State Bar No. 545615
>Attorney for Plaintiffs

313 Wolfe Street
P. O. Box 48
Cohutta, GA  30710
(706) 694-4298
E-mail: cindy@johnsonlawpc.com