# EXHIBIT "A"

**JOHNSON LAW**
*A Professional Corporation*
P. O. Box 48
Cohutta, Georgia 30710
Downtown at 313 Wolfe
email: cindy@johnsonlawpc.com

CYNTHIA NOLES JOHNSON
TODD M. JOHNSON

Phone: (706) 694-4298
Fax:    (706) 694-3173

October 10, 2007

**VIA FACSIMILE (404) 870-4838
AND REGULAR MAIL**

Jessie C. Fontenot, Jr., Esq.
Womble, Carlyle, Sandridge & Rice, PLLC
1201 West Peachtree Street, N.E.
Suite 3500
Atlanta, GA  30309-3460

RE: **David R. & Charlene Wilson v. Taser International, Inc.**
U.S.D.C., N.D. Ga., Rome Division
Civil Action File No. 4:06-CV-179-HLM

Dear Jessie:

This letter is being sent in an effort to reach an agreement on the terms of Ms. Schreiner's deposition.

As I have repeatedly told you, Ms. Schreiner indicated to me that she is more comfortable with giving her deposition in Georgia. The reasons she has given me are that she has been threatened and harassed by members of the law enforcement community in the Phoenix area who are on TASER's payroll. She simply does not feel safe giving her deposition in Phoenix. As I informed you, I am willing to pay the cost of her travel to and from Georgia. You have indicated that Michael Brave will be taking her deposition. It should make little difference to Mr. Brave whether the deposition is in Phoenix or Georgia as his office is in Wisconsin and he must travel either way.

In addition, you informed me last Friday that TASER International wanted to take Ms. Schreiner's deposition in Phoenix because they intended to have Ms. Schreiner arrested and prosecuted for perjury following her deposition. Your

October 10, 2007
Jessie C. Fontenot, Jr. Esq.
Page 2

---

statement only proves the point – that Ms. Schreiner's deposition should be taken in Georgia to avoid intimidation and threat to the witness.

You have this morning sent me an e-mail with an attached notice of deposition from Jim Butler's law firm for Ms. Schreiner's evidentiary deposition in another case on October 18, 2007. I have no control over Mr. Butler's deposition, and neither does Ms. Schreiner. Ms. Schreiner told me that she would prefer to have her deposition, any deposition, taken away from Phoenix, where she believes TASER to be entrenched in the law enforcement community.

With all that said, I will approach Ms. Schreiner again to discuss the taking of her deposition in the Phoenix area. I am sure that Ms. Schreiner will want some assurance from TASER that criminal action will not be taken against her as the result of her testimony. I am available, as I previously informed you, the week of October 22nd, preferably Thursday, October 25th, or Friday, October 26th, and the week of November 5th, and November 12th, 13th and 14th. Ms. Schreiner indicated to me that she preferred to give her deposition on Monday, November 5th or Monday, November 12th, if taken in Georgia, as she works two jobs, and would need to give notice to both employers, and to be out as little as possible. In addition, her full-time job includes accounting duties during the last two weeks of each month, making it more convenient for her to be out during the beginning of the month.

Since you have indicated an intent to take Mr. Wilmer's deposition, I would suggest that if you can obtain a commitment from your client that Ms. Schreiner will not be arrested and prosecuted for giving her deposition, that I speak with Ms. Schreiner about sitting for her deposition at Mr. Wilmer's office on the same date that his deposition is scheduled.

Please let me know your client's intentions as soon as possible. I am sure that Judge Murphy would prefer that we work this out.

October 10, 2007
Jessie C. Fontenot, Jr. Esq.
Page 3

---

Best regards,

JOHNSON LAW, P.C.

By: _____
Cynthia Noles Johnson

Cc:   Holly L. Gibeaut, Esq. *(via facsimile & regular mail)*
      Michael A. Brave, Esq. *(via facsimile & regular mail)*