IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

David R. Wilson and
Charlene Wilson,

    Plaintiffs,

v.

CIVIL ACTION FILE
NO. 4:06-CV-0179-HLM

Taser International, Inc.,

    Defendant.

## ORDER

This case is before the Court on Plaintiffs' "Emergency" Motion for Protective Order [94].

On November 20, 2007, Plaintiffs filed an "Emergency" Motion for Protective Order.[1] (Docket Entry No. 94.) Plaintiffs seek a protective Order with respect to the deposition of Pamela Schreiner, which currently is

---

[1] The Court disfavors the use of "emergency" motions as, all too often, the motions do not present true emergencies when evaluated from the Court's perspective.

scheduled for December 3, 2007, in Phoenix, Arizona. (Docket Entry No. 94 Ex. G.) According to Plaintiffs, Plaintiffs' counsel has received a subpoena and an amended subpoena for Ms. Schreiner's deposition that include a demand to produce documents. (Id. Exs. F-G.) Plaintiffs contend that many of those documents have no relevance to this case. Plaintiffs seek an Order holding that "Ms. Schreiner be allowed to travel to Georgia for her deposition, at Plaintiffs' expense; prohibiting Defendant from asking irrelevant, annoying, or embarrassing questions of Ms. Schreiner; and relieving Ms. Schreiner of any obligation to produce her personal records." (Id. at 4.)

First, under Federal Rule of Civil Procedure 45(c)(1), requests to quash subpoenas ordinarily must be presented to the court that issued the subpoena. Fed. R. Civ. P.

2

45(c)(1). Because the United States District Court for the District of Arizona issued the subpoena at issue, any request to quash the subpoena first must be submitted to that court.[2]

Moreover, Plaintiffs have not demonstrated that they have standing to challenge the subpoena issued to Ms. Schreiner. "Ordinarily, a party does not have standing to challenge a subpoena issued to a nonparty unless the party claims some personal right or privilege in the information sought by the subpoena." United States v. Idema, 118 F. App'x 740, 744 (4th Cir. 2005). Here, Plaintiffs have not shown that they have a personal right or privilege in the information sought. Consequently, Plaintiffs do not have

---

[2]Plaintiffs cannot avoid this requirement by styling their Motion to Quash as a Motion filed under Federal Rule of Civil Procedure 26.

AO 72A
(Rev.8/82)

standing to challenge the subpoena issued to Ms. Schreiner.

In sum, the Court finds that it may not quash the subpoena issued to Ms. Schreiner under Rule 45(c)(1), and that Plaintiffs lack standing to move to quash that subpoena. Consequently, the Court denies Plaintiffs' Motion without prejudice.

The Court observes, however, that it expects counsel to cooperate and to conduct themselves professionally during the deposition. Although each side complains about the conduct of counsel for the other side, the Court simply observes that "there are precious few white horses tied up outside the courthouse." In re Polypropylene Carpet Antitrust Litig., 181 F.R.D. 680, 702 (N.D. Ga. 1998). The Court has an already-full docket, and the Court would

appreciate it greatly if counsel would endeavor to cooperate with one another so as to avoid filing unnecessary or meritless "emergency" or discovery-related motions.

IT IS SO ORDERED, this the 20th day of November, 2007.

_____
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)